UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2891** |
| **VEOLIA NORTH AMERICA** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 9). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Plaintiff Raymond Pittman brought suit in the Civil District Court for the Parish of Orleans against Veolia North America, Inc. and several related entities for injuries he sustained in an explosion at Veolia Water Treatment Plant.[1] Plaintiff alleges that he was at the plant as an invited guest and suffered severe burns in an explosion that occurred while he was pumping raw material using Defendants' equipment. Louisiana Construction & Industry Self-Insurers Fund ("LCI"), a workers' compensation insurer, intervened in

---

[1] Defendants are Veolia North America, Inc.; Veolia Water North America Operating Services, LLC; Veolia Water North America-South, LLC; and Water Application & Solutions Corporation, LLC.

1

this matter to recover medical expenses and workers' compensation benefits paid to Plaintiff.

On December 16, 2024, Defendants removed the matter to this Court on the basis of diversity jurisdiction. Plaintiff has moved for remand, arguing that LCI's intervention destroys diversity, that removal was untimely, and that Defendants have failed to comply with court orders. Defendants oppose. This Court will consider each argument in turn.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4]

## LAW AND ANALYSIS

### I. Diversity Jurisdiction

Defendants removed this matter to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy in excess of

---

[2] 28 U.S.C. § 1441.
[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[4] *Manguno*, 276 F.3d at 723.

$75,000.[5] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[6]

It is undisputed that Plaintiff is a resident of Louisiana, and all Defendants are domiciled in Delaware. The parties dispute whether the Intervenor LCI, a Louisiana entity, should be aligned with the Plaintiff or Defendant in determining diversity jurisdiction. "In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'"[7] In the Fifth Circuit, "[t]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side."[8]

"[D]istrict courts in this Circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors."[9] In addition, courts have held that "[a]n intervenor who has paid workers compensation benefits to an employee or will pay benefits in the future, and who is seeking to recover those payments and any future payment obligations from a third-party tortfeasor, is properly aligned with the

---

[5] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[6] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[7] Griffin v. Lee, 621 F.3d 380, 388 (5th Cir. 2010).
[8] *Id.*
[9] Johnson v. Agility Fuel Sys., Inc., No. CV 20-733-SDD-RLB, 2021 WL 4693235, at *3 (M.D. La. Sept. 7, 2021), report and recommendation adopted, No. CV 20-733-SDD-RLB, 2021 WL 4694730 (M.D. La. Oct. 7, 2021).

Plaintiff."[10] Intervenor LCI is a workers' compensation insurer seeking reimbursement for medical expenses and workers' compensation benefits paid to Plaintiff. Further, the Fifth Circuit has pointed out that a lack of potential for liability against a party, such as here, suggests that the party should be aligned as a plaintiff.[11] Accordingly, LCI is properly aligned with the Plaintiff, and complete diversity is present here.

## II. Timeliness of Removal

Plaintiff also argues that removal was untimely. "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant."[12] "[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain the case is removable."[13] The untimeliness of a removal petition is ground for remand that is authorized under § 1447(c).[14]

Defendants removed this action on November 14, 2024, within thirty days of receiving a filing in state court in which Plaintiff stated that the amount in controversy exceeds $75,000. Plaintiff argues that Defendants

---

[10] Balboa v. Metso Mins. Indus., Inc., No. CV 18-9968, 2019 WL 8888170, at *3 (E.D. La. Jan. 2, 2019); *see* Shipman v. Mountain Lake Risk Retention Grp., Inc., No. CV 22-4545, 2023 WL 3091672, at *5 (E.D. La. Apr. 26, 2023).
[11] Chesapeake La., L.P. v. Buffco Prod., Inc., 564 F. App'x 751, 756 (5th Cir. 2014).
[12] Decatur Hospital Authority v. Aetna Health, Inc., 854 F.3d 292, 297 (5th Cir. 2017) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992)).
[13] *Id.*
[14] BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012) (citations omitted).

4

should have known that the amount in controversy exceeded $75,000 when they were served the Petition in March or April of 2024, and therefore removal was untimely. The Petition states, in relevant part, that Plaintiff "was initially confined to the hospital with severe burns for an extended period of time and continues to suffer from injuries and has damages to date"; that Plaintiff "incurred medical expenses, pain and suffering, emotional distress and physical injuries which are severe and debilitating"; and that Plaintiff seeks damages for future and past pain and suffering, medical expenses, inconvenience, loss of enjoyment of life, lost wages, lost future earning capacity, and permanent disability.

The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be unequivocally clear and certain to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."[15] Courts have routinely held that "conclusory allegations, without more, do not establish the threshold amount in controversy."[16] "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, the court must conclude that it is not 'facially apparent' that the amount of damages would exceed $75,000."[17]

In *Gebbia v. Wal-Mart Stores, Inc.*, the Fifth Circuit compared cases considering whether the allegations of a complaint established the amount in controversy:

---

[15] Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002).
[16] Maurice v. Winn Dixie Montgomery, LLC, No. CV 24-2225, 2024 WL 4764449, at *3 (E.D. La. Nov. 13, 2024).
[17] *Id.*

> In *Luckett*, we held that the district court did not err in finding that the plaintiff's claims exceeded $75,000 because the plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization. *Luckett*, 171 F.3d at 298. In *Simon*, we held, in distinguishing *Luckett*, that the district court erred in not remanding the action to the state court because the plaintiff's claims merely alleged less severe injuries [an injured shoulder, bruises, and abrasions] and did not allege any injuries that would have supported a substantially larger monetary basis for federal jurisdiction than the injuries alleged in *Luckett*. *Simon*, 193 F.3d at 851. In this action, Plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Such allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*, and therefore the district court did not err in denying Plaintiff's motion to remand.[18]

With this in mind, the Court finds that the allegations of the Petition do not clearly and unequivocally establish the amount in controversy. It is unclear from the allegations of the Petition the severity of Plaintiff's injuries, the location or extent of his injuries, or his future prognosis or limitations. Accordingly, the Court finds that this matter was not removable based on the allegations of the Petition. Removal was therefore timely when it was filed within thirty days of the later filing that clearly and unequivocally established the amount in controversy.

---

[18] Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

### III. Failure to Comply with Court's Order

Finally, Plaintiff contends that Defendants' failure to properly comply with a court order warrants remand. Upon removal, Defendants did not properly allege the citizenship of the LLC-Defendants in their Notice of Removal. The Court *sua sponte* ordered Defendants to amend the Notice of Removal to properly allege diversity.[19] Defendants did not file an Amended Notice of Removal; rather, they filed an amended declaration from Defendants' representative that properly laid out the citizenship of the LLC-Defendants.[20] Plaintiff alleges that Defendants did not comply with the Court's order because they did not file an Amended Notice of Removal. He argues that pursuant to the Notice of Removal presently in the case, subject matter jurisdiction does not exist, and the case should be remanded.

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[21] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[22] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[23] Accordingly, although Defendants did not properly amend

---

[19] Doc. 6.
[20] Doc. 8.
[21] Whitmire v. Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000).
[22] *Id.*
[23] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

their Notice of Removal to allege diversity jurisdiction as ordered by the Court, Defendants should be permitted to resolve the technical issue now.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. **IT IS FURTHER ORDERED** that Defendants shall amend their Notice of Removal to properly allege jurisdiction within 10 days of this Order.

New Orleans, Louisiana this 20th day of March, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**