UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND PITTMAN | CIVIL ACTION |
| VERSUS | NO. 24-2891 |
| VEOLIA NORTH AMERICA, INC., ET AL. | SECTION "H" (3) |

## **ORDER AND REASONS**

Before the Court is the motion of Blue Hill Specialty Insurance Company ("Blue Hill") to intervene in this matter (R. Doc. 36) pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. The deadline to oppose the motion has expired, and no opposition was filed.

"Plaintiff Raymond Pittman brought suit in the Civil District Court for the Parish of Orleans against Veolia North America, Inc. and several related entities for injuries he sustained in an explosion at Veolia Water Treatment Plant."[1] The Veolia entities then filed a third-party complaint against CFR Trucking, LLC, the alleged employer of Plaintiff.[2] CFR Trucking, LLC, had an insurance policy from Blue Hillthe period of which included the date of the accident.[3]  Blue Hill now seeks to intervene to obtain a declaratory judgment as to that policy's potential coverage in connection with this matter.

---

[1] R. Doc. at 17 at 1.

[2] *E.g.*, R. Doc. 25 at 1.

[3] R. Doc. 36-3, ¶ 13.

Movants seek permissive intervention under Rule 24(b). As relevant here, Rule 24(b) provides:

> On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact ... [i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Thus, courts have considerable discretion in determining whether to allow permissive intervention. *See, e.g.*, *Louisiana v. Burgum*, 132 F.4th 918, 923–24 (5th Cir. 2025).

Courts engage in a two-step inquiry when analyzing permissive intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). First, the court decides whether the proposed intervenor's claim or defense and the underlying suit possess a common question of law or fact. *Id.* If so, then the court "must exercise its discretion in deciding whether intervention should be allowed." *Id.* Blue Hill satisfies both aspects of this inquiry. First, Blue Hill's claim shares common questions of fact or law with the existing action.  Second, discretion counsels in favor of permitting amendment on this record. Allowing Blue Hill to intervene will ensure its participation in the upcoming telephone status conference with the District Court, and there is no allegation that Blue Hill's motion is untimely. Further, intervention will not unduly delay or prejudice adjudication of this matter. To the contrary, allowing intervention will contribute to judicial efficiency and the development of the litigation.

Accordingly,

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 36) is **GRANTED** and

that Blue Hill's proposed pleading (R. Doc. 36-3) be filed in the record.

New Orleans, Louisiana, this 2nd day of April, 2026.

_____

EVA J. DOSSIER

UNITED STATES MAGISTRATE JUDGE